# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD, | CASE NO. 1:11-cv-01199-GBC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND FOR RULE 11(b)(3) VIOLATION |
| v. | |
| PAM AHLIN, et al., | |
| Defendants. | Doc. 1 |

**I. Procedural History, Screening Requirement, and Standard**

On July 20, 2011, Plaintiff Archie Cranford ("Plaintiff"), a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is civilly committed to Coalinga State Hospital as a sexually violent predator ("SVP"). Plaintiff alleges defendant "slipped him a mickey" and denied him a "nightly snack" based on "discrimination against white patients." Doc. 1.

The proceedings in forma pauperis statute states as follows: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Plaintiff is a civil detainee. "[T]he rights afforded prisoners set a floor for those that must be afforded . . . civil detainees." *McNeal v. Mayberg*, 2008 WL 5114650, at *4 (E.D. Cal. Dec. 3, 2008), citing *Hydrick v. Hunter*, 500 F.3d 978, 989 (9th Cir. 2007) (reversed on other grounds) (quoting *Youngberg v. Romeo*, 457 U.S. 307, 322 (1982); *see also Semeneck v. Ahlin*, 2010 WL 4738065, at *3 (E.D. Cal. Nov. 16, 2010); *Leonard v. Bonner*, 2010 WL 3717248, at *2 (E.D. Cal. Sep. 15, 2010); *Allen v. Mayberg*, 2010 WL 500467, at *5 (E.D. Cal. Feb. 8, 2010). Therefore, though Plaintiff is a detainee and not a prisoner, the Court may refer to the rights of prisoners to determine the rights afforded Plaintiff.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. *Iqbal*, 556 U.S. at 678-79; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 556 U.S. at 677-79; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

## II. Plaintiff's Complaint

### A. Allegations

In Plaintiff's complaint, he names defendants Pam Ahlin, Executive Director, and Sonia Chaviro, PT, who were employed at Coalinga State Hospital ("Coalinga"). Compl. at 1-3, Doc. 1.

Plaintiff alleges that on May 2, 2011, Sonia Chaviro "slipped him a mickey" with the rest of his medications. *Id.* at 3. Plaintiff started "seeing things" and was ill for five days. *Id.* at 3, 10. Chaviro has also done other things such as denying Plaintiff his "nightly snack." *Id.* at 3, 8. A nightly snack would prevent damage to Plaintiff's stomach. *Id.* at 3, 8. Another time, Chaviro also refused to place a lidocaine patch on his arm. *Id.* at 3, 10. A Mexican patient approached Chaviro, and she administered medical aide to the patient without restraint. *Id.* at 3. Chaviro refused to place the lidocaine patch to discriminate against Plaintiff because Chaviro is Indian and married to a Mexican and Plaintiff is white. *Id.* at 3-4. Chaviro slipped Plaintiff a mickey and denied him a snack to discriminate against Plaintiff. *Id.* at 3. Pam Ahlin is in agreement with Chaviro's race attitudes. *Id.* at 4. It is Ahlin's responsibility to run the hospital but she allows discrimination and inhumane treatment of white patients. *Id.*

On May 25, 2011, Plaintiff filed an appeal, alleging Chaviro "slipped him a mickey." *Id.* at 12. On June 23, 2011, defendant Pam Ahlin, Executive Director, issued a response to Plaintiff's appeal. *Id.* at 10-11. Ahlin conducted an inquiry and found in her decision that there was no evidence that any staff member "slipped him a mickey" or that Plaintiff reported this to staff. *Id.* at 10. Ahlin noted that records indicate that Plaintiff regularly refuses the lidocaine patch. *Id.* Ahlin also found that a review of records indicates that from April 28, 2011 to May 2, 2011, staff took Plaintiff's vital signs and gave Plaintiff his medication. *Id.*

Plaintiff seeks injunctive relief in the form of removing defendants' jobs and licenses and twelve quadrillion dollars in damages. *Id.* at 3.

### B. Fourteenth Amendment Conditions of Confinement

As a civil detainee, Plaintiff's conditions of confinement is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. *See Youngberg v. Romeo*, 457 U.S. 307, 315 (1982). Under this provision of the Constitution, Plaintiff is "entitled to more

considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Jones v. Blanas*, 393 F.3d 918, 931 (9th Cir. 2004) (quoting *Youngberg*, 457 U.S. at 321-22); *cf. Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (pretrial detainees, who are confined to ensure their presence at trial and are therefore not similarly situated to those civilly committed, are afforded only those protections provided by the Eighth Amendment). Thus, to avoid liability, a defendant's decision regarding Plaintiff's care must be supported by "professional judgment." *Youngberg*, 457 U.S. at 321. A defendant fails to use professional judgment when the decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the defendant did not base the decision on such a judgment." *Id.* at 323.

In determining whether defendant has met the constitutional obligations, decisions made by the appropriate professional are entitled to a presumption of correctness. *Youngberg*, 457 U.S. at 324. "[T]he Constitution only requires that the courts make certain that professional judgment in fact was exercised. It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made." *Id.* at 321. Liability will be imposed only when the medical decision "is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 323; *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992).

Plaintiff alleges defendant Chaviro "slipped him a mickey" with the rest of his medications; that he started "seeing things;" and was ill for five days. However, Plaintiff's speculative and conclusory allegations fail to state a claim that defendant placed poison in Plaintiff's medication. Plaintiff fails to explain how he discovered that his medication was being poisoned or how he knew any defendant was responsible. Plaintiff's allegations only support a subjective impression that he was suffering from symptoms attributed to defendant "slipping him a mickey." Plaintiff does not allege that he was actually diagnosed with poisoning. While Plaintiff said he was "seeing things," it appears Plaintiff is also taking various other medications, and Plaintiff is not qualified to make a medical diagnosis. Moreover, defendant Pam Ahlin, Executive Director, conducted an inquiry and found that there was no evidence that any staff member slipped him a mickey or that Plaintiff

reported this to staff. Thus, Plaintiff's allegations that he was "slipped a mickey," without more, does not support a claim.

> The district court properly dismissed the conspiracy claim because [Plaintiff's] allegations do not indicate that the defendant correctional officers conspired to poison [Plaintiff's] coffee, threaten him, or falsely accuse him of being a child molester. *See Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) ("[T]he court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.")

*Aranda v. Meyers*, 369 Fed. Appx. 874 (9th Cir. 2010). Accordingly, the Court finds that Plaintiff fails to state a plausible or cognizable § 1983 claim based upon Fourteenth Amendment conditions of confinement.

### C. Equal Protection / Discrimination

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). A plaintiff can establish an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. *See e.g., Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702–03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

Plaintiff alleges Chaviro refused to place the lidocaine patch on Plaintiff, slipped him a mickey, and denied him a snack to discriminate against Plaintiff because he is white. However, defendant Ahlin noted in her appeal decision that records indicate that Plaintiff regularly refuses the lidocaine patch. Plaintiff's complaint fails to show that he was treated differently based on race. Plaintiff fails to allege sufficient facts which indicate that defendants treated him differently on the basis of a protected class. Therefore, Plaintiff fails to state a plausible or cognizable § 1983 Equal Protection claim against defendants.

//

//

### D. Supervisory Liability and Linkage

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 556 U.S. at 678-79; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 556 U.S. at 676; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff names defendant Pam Ahlin, Executive Director, stating it is Ahlin's responsibility to run the hospital but she allows discrimination and inhumane treatment of white patients. Compl. at 3, Doc. 1. Plaintiff alleges that Chaviro "slipped him a mickey" on May 2, 2011. *Id.* However, Plaintiff did not report this to staff until filing an appeal on May 25, 2011. *Id.* at 12. Ahlin conducted an inquiry and found in her decision that there was no evidence that any staff member "slipped him a mickey" or that Plaintiff reported this to staff. *Id.* at 10. Thus, the hospital staff, including defendant Ahlin, were unaware of Plaintiff's allegations until several weeks after the incident. *Id.* Ahlin also noted that records indicate that Plaintiff regularly refuses the lidocaine patch and that from April 28, 2011 to May 2, 2011, staff took Plaintiff's vital signs and gave Plaintiff his medication. *Id.* Thus, Plaintiff's allegations are insufficient to hold a defendant liable based on a position of authority as Plaintiff has not alleged any facts linking the defendant to acts or omissions, which suggest that the defendant participated or directed the violations, or knew of the violations and failed to prevent them. *Iqbal*, 556 U.S. at 676; *Ewing*, 588 F.3d at 1235. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 against Pam Ahlin, Executive Director, based upon supervisory liability.

### E. Conspiracy

A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting

1  *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989)
2  (citation omitted)), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059,
3  1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th
4  Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the
5  plan, but each participant must at least share the common objective of the conspiracy.'" *Franklin*,
6  312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).

7  The federal system is one of notice pleading, and the court may not apply a heightened
8  pleading standard to plaintiff's allegations of conspiracy. *Empress LLC v. City and County of San*
9  *Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of Santa Clara*, 307 F.3d 1119,
10 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to
11 raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. A plaintiff must
12 set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions,
13 and a formulaic recitation of the elements of a cause of action . . . " *Id.*

14 Plaintiff appears to allege conspiracy, but Plaintiff does not make any specific allegations
15 regarding the conspiracy or the parties to the conspiracy. Therefore, his allegation is conclusory and
16 there are no specific facts supporting the existence of a conspiracy. *Avalos v. Baca*, 596 F.3d 583,
17 592 (9th Cir. 2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001). As such, a bare allegation
18 that defendants conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a
19 conspiracy claim under § 1983.

### III. Rule 11(b)(3)

21 In violation of Rule 11(b)(3) of the Federal Rules of Civil Procedure, Plaintiff falsely states
22 in his complaint that he has only had one (1) previous or pending lawsuit in addition to the instant
23 case. Compl. at 1, Doc. 1. Rule 11(b)(3) states:

> By presenting to the court a pleading, written motion, or other paper
> – whether by signing, filing, submitting, or later advocating it – an .
> . . unrepresented party certifies that to the best of the person's
> knowledge, information, and belief, formed after an inquiry
> reasonable under the circumstances . . . the factual contentions have
> evidentiary support or, if specifically so identified, will likely have
> evidentiary support after a reasonable opportunity for further
> investigation or discovery . . .

Fed. R. Civ. P. 11(b)(3).

Contrary to Plaintiff's representation in his complaint, Plaintiff has filed numerous other similar civil suits prior to filing of this action.[1] Plaintiff's failure to provide information about previous lawsuits interferes with the Court's efforts to conserve judicial resources by preventing the proliferation of vexatious litigation. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (dismissal sanction warranted when deliberate deception undermines integrity of judicial proceedings and threatens to interfere with rightful decision of case); *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (*per curiam*) (*pro se*, *in forma pauperis* prisoner's misrepresentation about previous lawsuits may violate Rule 11). A prisoner's claims are considered frivolous if it "merely repeats pending or previously litigated claims." *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)).

Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g.*, *Cato*, 70 F.3d 1103, 1105 n.2; *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Bailey*, 846 F.2d at 1021. Repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, is subject to dismissal as duplicative. *See,*

---

[1] The Court notes that Plaintiff has filed numerous other similar cases to this one. *See Cranford v. Kerr*, 2:07-cv-02247, Doc. 3, May 2, 2007) (alleging defendant refused to give pain medication because she gave preference to mentally disordered offenders and "'pedophile SVPs over SVPs with conviction crimes such as plaintiff's.'"); *Cranford v. Quigley*, 2:07-cv-0871, Doc. 6, Mar. 5, 2007 (alleging defendant refused to provide medical evaluative tests because she had a "'vendetta towards him because he is an SVP.'"); *Cranford v. Henderson*, 2:05-cv-05842 Doc. 9, Jan. 24, 2006 (alleging defendant refused to provide him medication for his heart condition.); *Cranford v. Riordan*, 2:07-cv-01261, Doc. 6, Mar. 23, 2007 (alleging defendants failed to provide him medical treatment due to their being away from their assigned posts); *Cranford v. Long*, 2:06-cv-02847, Doc. 61, Aug. 29, 2008 (alleging defendant failed to administer an ECG properly based upon his race); *Cranford v. Durks*, 2:03-cv-05723, Doc. 8, Dec. 15, 2003 (alleging defendant provided inadequate medical care); *Cranford v. Bunte*, 2:03-cv-05649 Doc. 12, Dec. 15, 2003 (alleging defendant provided inadequate medical care); *Cranford v. Estrellado*, 1:07-cv-1829, Doc. 14, Sept. 8, 2010 (alleging defendant medically neglected him for failing to be at her assigned post); *Crandford v. Nickels*, 1:06-cv-01812 (alleging defendant denied medication based upon his race); *Cranford v. Salber*, 1:08-cv-00063, Doc. 16 (alleging defendants denied medical treatment because they were too busy to provide care); *Cranford v. Avila*, Docs. 10, 11, Doc. 10, Sept. 26, 2011 (alleging defendant removed from him his heart medication which caused him to be unable to treat his chest pain and heart attacks); *Cranford v. Badagaon*, 1:11-cv-00736, Doc. 1 (alleging defendant assaulted him because of his race). Likewise, it appears that Plaintiff has repeatedly filed frivolous cases since, at least, the early 1990s. In addition to those listed above, he has filed numerous other cases in the Central District, the Northern District, and the Eastern District of California. *Cranford v. Darcangelo*, 2:03-cv-05049, Doc. 16 at 5-6, Nov. 3, 2003. The Court notes that when Plaintiff files complaints, he repeatedly misrepresents the number of previous lawsuits that he has filed.

*e.g.*, *Bailey*, 846 F.2d at 1021; *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Adams v. California*, 487 F.3d 684, 688, 692-94 (9th Cir. 2007).

As Plaintiff is proceeding *in forma pauperis*, the Court finds that monetary sanctions would be inappropriate and that instead the appropriate sanction for violating Rule 11(b)(3) is dismissal of the case. *See Anheuser-Busch, Inc.*, 69 F.3d at 348; *see also Warren*, 29 F.3d at 1389.

### IV. Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted. Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Here, however, it does not appear that amendment of the complaint would cure its deficiencies based on Plaintiff's allegations and his filing history.

When determining whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of the complaint's factual allegations," *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), to determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional,'" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (quoting *Neitzke*, 490 U.S. at 328). A complaint may be dismissed as frivolous where a defense is obvious on the face of the complaint. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

Plaintiff's complaint alleges defendant "slipped him a mickey" and denied him a "nightly snack" based on "discrimination against white patients." Plaintiff seeks twelve quadrillion dollars in damages. Based on these allegations and Plaintiff's filing history, the Court finds that any further amendment would be futile. "The district court properly dismissed without leave to amend . . . because his allegations fail to state a claim for deliberate indifference and amendment appears futile . . . *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ('Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.')." *See Whitmire v. Graham*, No. 11–17194, 2012 WL 2951388,

1  at *1 (9th Cir. July 20, 2012). The Court finds that any amendment to the complaint would be futile,
2  and the complaint should be dismissed without leave to amend.
3      Accordingly, pursuant to 28 U.S.C. § 1915(e), the Court HEREBY ORDERS that this action
4  be DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon which relief
5  may be granted under § 1983 and for Rule 11(b)(3) violation.
6  IT IS SO ORDERED.

Dated:   September 6, 2012

_____
UNITED STATES MAGISTRATE JUDGE